IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE MENDEZ-CANALES | CRIMINAL ACTION FILE<br>NO. 4:08-CR-06-01-HLM-WEJ |

ORDER

This case is before the Court on Defendant's Motion to Suppress Statements [17], on Defendant's Motion to Suppress Evidence [18], and on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [30].

I.  **Standard of Review for a Report and Recommendation**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

AO 72A
(Rev.8/82)

28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

AO 72A
(Rev.8/82)

## II. Background

### A. Statement of Facts

The Court's review of the record in this case reveals that Judge Johnson correctly set forth the facts in this action. The Court therefore adopts the Statement of Facts portion of the Non-Final Report and Recommendation, and incorporates that portion of the Non-Final Report and Recommendation into this Order as if set forth fully herein. (Non-Final Report & Recommendation (Docket Entry No. 30) at 2-9.)

### B. Procedural Background

On February 13, 2008, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant. (Docket Entry No. 1.) The indictment charged Defendant with being an illegal alien in possession of various firearms, in violation of 18 U.S.C. § 922(a)(5) and 18 U.S.C. §

924(a)(2). (Indictment (Docket Entry No. 1) at 1.) The indictment also contained a forfeiture provision. (Id. at 2-3.)

On May 11, 2016, Defendant filed his Motion to Suppress Statements. (Docket Entry No. 17.) On that same day, Defendant filed his Motion to Suppress Evidence. (Docket Entry No. 18.)

Judge Johnson held an evidentiary hearing on Defendant's Motion to Suppress on June 23, 2016. (Docket Entry No. 21.) On September 12, 2016, Judge Johnson issued his Non-Final Report and Recommendation. (Docket Entry No. 30.) Judge Johnson recommended that the Court deny Defendant's Motion to Suppress Statements and Defendant's Motion to Suppress Evidence.

Defendant has not filed Objections to the Non-Final Report and Recommendation. (See generally Docket.) The time period for filing Objections has expired, and the Court finds that the matter is ripe for resolution.

4

### III. Discussion

#### A. Motion to Suppress Evidence

Defendant argues that consent to search his residence was not voluntarily given, or, alternatively, that agents exceeded the reasonable scope of that consent. (Post-Hr'g Br. Supp. Mot. Suppress (Docket Entry No. 28) at 1-2.) Judge Johnson correctly set forth the relevant law relating to the Fourth Amendment and consent, and properly found that Defendant and his wife gave voluntary consent to search the residence. (Non-Final Report & Recommendation at 9-14.) The Court therefore adopts this portion of the Non-Final Report and Recommendation, and denies the Motion to Suppress Evidence.

#### B. Motion to Suppress Statements

Defendant also argues that the illegal search of his residence rendered his later statements fruit of the poisonous tree, warranting exclusion of those statements. (Mot. Suppress Statements.)

Judge Johnson correctly rejected this argument, and properly found that Defendant waived his rights knowingly and intelligently. (Non-Final Report & Recommendation at 15-16.)  The Court therefore adopts this portion of the Non-Final Report and Recommendation, and denies Defendant's Motion to Suppress Statements.

## IV.  Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [30], **DENIES** Defendant's Motion to Suppress Statements [17], and **DENIES** Defendant's Motion to Suppress Evidence [18].

IT IS SO ORDERED, this the 3rd day of October, 2016.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)